# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| Rhonda M. Campbell,<br>            Debtor | Case No. 15-21845-gmh |

## MOTION OF SPECIALIZED LOAN SEVICING LLC
## FOR ABANDONMENT, RELIEF FROM THE AUTOMATIC STAY
## AND RELIEF FROM THE CO-DEBTOR STAY

Specialized Loan Servicing LLC, its successors and/or assignees (hereinafter collectively, and at all times material hereto, the "Movant"), by its attorneys, Cummisford, Acevedo & Associates, LLC, moves the court for abandonment pursuant to 11 U.S.C. §554, relief from the automatic stay pursuant to 11 U.S.C. §362(d) and relief from the co-debtor stay pursuant to 11 U.S.C. §1301 and, in support of said motion, alleges as follows:

1.      That the Movant holds a Note and Home Affordable Modification Agreement ("Agreement") evidencing debt and Mortgage encumbering real property owned by the Borrower, Cynthia M Whitelaw, and located at 4061 – 4063 N. 39th Street, Milwaukee, WI 53216 (hereinafter, the "Property"). A copy of the Affidavit in Support of Motion for Relief from the Automatic Stay, Post-Petition Payment Ledger, 2018 City of Milwaukee Combined Property Tax Bill, Agreement, Original Certificate of Death, Note, Mortgage and Assignment of Mortgage are attached hereto, and their contents are incorporated herein by reference.

**Drafted by:**
Attorney Michael Acevedo
Cummisford, Acevedo & Associates, LLC
7071 S. 13th Street, Suite 100
Oak Creek, WI 53154
Ph:     414-761-1700
Fax:     414-255-3008

1

2.      That the Debtor, Rhonda M. Campbell, filed her Chapter 13 bankruptcy case on March 2, 2015.

3.      That the Borrower passed away on June 6, 2015.

4.      That upon information and belief, the Debtor may be an heir of the Borrower, and as such, the Debtor may have an interest in the Property.

5.      That this motion for relief is filed to allow the Movant the opportunity to exercise its rights and remedies as to the Property under non-bankruptcy law.

6.      That monthly post-petition mortgage payments have not been made as required by the terms of the Agreement and Note.  That as of August 7, 2019, the following post-petition arrearage is due on the mortgage loan account:

| | |
|---|---|
| Forty-five (45) monthly payments at $1,073.77 each: (December 2015 through August 2019) | $48,319.65 |
| Less suspense balance: | $    (318.95) |
| Attorneys' fees and costs for this motion: | $  1,231.00 |
| Total post-petition arrearage: | $49,231.70 |

7.      That the lack of monthly payments constitutes a material default under the Agreement and Note, and said default constitutes "cause" for terminating the automatic stay under 11 U.S.C. §362(d).

8.      That to the extent this is a consumer debt for which a third party is liable, the Movant seeks relief from the co-debtor stay pursuant to 11 U.S.C. §1301(c) as the third party is not making payments to the Movant and the continuation of the automatic stay under such circumstances would irreparably harm the Movant's interests.

9.      That pursuant to the 2018 City of Milwaukee, the estimated fair market value of the Property is $68,431.00.

2

10. That as of August 7, 2019, the unpaid principal balance on the mortgage loan due the Movant was $109,262.89, and when added to the amounts due for accrued delinquent interest, escrow advances, attorneys' fees and costs, equals a total debt owed of approximately $153,670.40. Accordingly, there may be no equity in the Property.

11. That the allegations of the foregoing paragraphs indicate that the Property is burdensome and of inconsequential value and benefit to the bankruptcy estate. The trustee should be ordered to abandon the estate's interest, if any, in the Property pursuant to 11 U.S.C. §554(b).

12. That the fourteen (14) day stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3) should be waived.

13. That the Movant requests that the Court deem the provision of Federal Rule of Bankruptcy Procedure 3002.1 inapplicable to the Movant upon entry of an order lifting the automatic stay and the Movant withdrawing any applicable proofs of claim.

3

WHEREFORE, the Movant requests that the automatic stay and co-debtor stay as it pertains to the Debtor and the encumbered real property be terminated pursuant to 11 U.S.C. §362(d) and 11 U.S.C. §1301 so that the Movant may protect, exercise and enforce its rights pursuant to said Agreement, Note and Mortgage, that the Court deem the provision of Federal Rule of Bankruptcy Procedure 3002.1 inapplicable to the Movant upon entry of an order lifting the automatic stay and the Movant withdrawing any applicable proofs of claim, that any order entered pursuant to this motion shall be effective immediately upon its entry and for such further relief as may be just and equitable.

Dated at Oak Creek, Wisconsin this _29th_ day of _AUGUST_, 2019.

Cummisford, Acevedo & Associates, LLC
Attorneys for Specialized Loan Servicing LLC

_Michael Acevedo_
Michael Acevedo, #1022634

Right to foreclose language: Specialized Loan Servicing LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant or Movant's successor or assignee. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage/Deed of Trust.

FDCPA notice: Pursuant to the Fair Debt Collections Practices Act (15 U.S.C. §1692), we are required to state that we are attempting to collect a debt on our client's behalf, and any information we obtain will be used for that purpose.

4